UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

STEVEN HENDERSON,

               Plaintiff,

v.

Commissioner of Social Security,

               Defendants.

1:14-cv-259-TC

ORDER

COFFIN, Magistrate Judge:

Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits and supplemental security income benefits.

Plaintiff asserts disability beginning January 27, 2010, due to alcohol abuse, cannabis dependence, attention deficit hyperactivity disorder, anxiety disorder, personality disorder, and post closed head injury. After a hearing, an administrative law judge (ALJ) determined that plaintiff is not disabled. Plaintiff contends that the ALJ erred in: (1) rejecting the opinion of Dr. Scott Alvord; (2) failing to consider all of plaintiff's impairments in combination; (3) rejecting plaintiff's symptom testimony; (4) rejecting lay testimony; and (5) relying on vocational expert testimony based on a

Page 1 - ORDER

flawed hypothetical.

A.   Plaintiff's Credibility

Plaintiff asserts that he lacks the ability to focus and suffers from a central nervous system disorder due to methyl bromide exposure and traumatic brain injury due to blows to the head. As a result, plaintiff states he is unable to work. The ALJ determined that plaintiff retained the residual functional capacity to perform the full range work at all exertional levels so long as he does not have public contact and only incidental contact with co-workers. Tr. 32.

The ALJ noted that the medical record, for the most part, did not support plaintiff's assertions of disability.[1] The ALJ noted that plaintiff did not consistently present to medical providers as significantly mentally ill. Tr. 34. The ALJ also noted that plaintiff provided inconsistent statements regarding his head wounds and no objective evidence of such wounds.[2] Tr. 34. In addition, the ALJ noted plaintiff's tendency to embellish specifically citing a 2009 Doctor's report in which plaintiff vocalized pain, but with no physical response to palpation. Tr. 434. The ALJ further noted inconsistencies regarding plaintiff's statements concerning his drug and alcohol abuse. For instance, despite plaintiff's testimony that he regularly uses marijuana and drinks, when calling Options of

---

[1] Plaintiff's counsel makes much of the ALJ's failure to include non-severe medical impairments in combination with plaintiff's other impairments, but the record does not support any medically determinable physical impairments. Plaintiff even testified that he does not have any physical problems. Tr. 56.

[2] Plaintiff's counsel notes that plaintiff made complaints to medical providers regarding blows to the head. See, e.g., Tr. 529-30. The record establishes that plaintiff sought treatment for a head laceration when he fell off his bike in June of 2010. However, medical providers found no brain injury. Tr. 454. Moreover, a CT scan showed no intracranial injury or mass or bleed, but did show a sinus infection. Tr. 462.

Page 2 - ORDER

Southern Oregon for referral to local psychiatrists so he could apply for social security disability, he stated he does not use drugs and the person taking the call suspected plaintiff was intoxicated. Tr. 469. The ALJ noted that plaintiff claimed on April 5, 2012, that he had not used drugs or alcohol for two years (Tr. 486), but the record is replete with instances of drug and alcohol use within this time period. See, e.g., Tr. 515 (April 9, 2012 reports not using marijuana only for a few months); Tr. 530 (reports on April 30, 2012, he had not been drinking or smoking marijuana for the last three weeks because he lives at the Mission which forbids it); Tr. 495 (On May 2, 2012, plaintiff reports two beers a day during the week and four on the weekends over the last year and one beer a day over the last month also reports 10 joints a month over the last year). The inconsistent report is important because the instance in which plaintiff asserted abstaining from drugs an alcohol for two years was during his evaluation with Dr. Alvord who provided an opinion of disability after that exam.

The ALJ further noted limited treatment history or medications for mental issues despite being on the Oregon Health plan. The ALJ's reference to the inconsistencies in plaintiff's own recitation of his medical history, sparse treatment, and plaintiff's claims of brain injuries without any medical documentation were sufficient reasons for finding plaintiff to lack credibility overall regarding his debilitating symptoms. See Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001) (tendency to exaggerate and inconsistent statements are clear and convincing reasons for rejecting testimony); Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir, 2008) (unexplained or inadequately explained failure to seek treatment is a proper ground on which an ALJ may rely); Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999) (inconsistencies including regarding drinking permit ALJ to disregard overall testimony as unbelievable).

B.   Dr. Alvord's Opinion

Plaintiff did not have any treating providers regarding his mental issues, but did get some consultative exams. Dr. Alvord met with plaintiff on April 5, 2012 to provide a neuropsychological evaluation. Tr. 484-488. Dr. Alvord opined that plaintiff suffers from mental impairments that prevent him from working. Tr. 489-494.

The primary basis for Dr. Alvord's assessment and diagnosis was a clinical interview with plaintiff. Dr. Alvord did not review plaintiff's medical file, but did administer some intelligence and memory tests. Because plaintiff reported that he had abstained from drugs and alcohol for two years, Dr. Alvord's assessment necessarily did not take into account plaintiff's drug and alcohol abuse. As noted above, the ALJ found plaintiff has a tendency to embellish and lacks credibility. While plaintiff provides an alternate interpretation for the evidence in the record regarding plaintiff's credibility, the ALJ's interpretation is based on substantial evidence supported by the record. Dr. Alvord's opinion, while having some objective basis as a result of the tests he administrated, it is overwhelmingly based on plaintiff's subjective complaints and his own recitation of his medical history which in many respects, as noted above, is not supported by any medical evidence. Accordingly, the ALJ provided a specific and legitimate reason for rejecting this opinion which was contradicted by other medical providers.[3] See Bray v. Commissioner of Social Security Admin., 554 F.3d 1219, 1228 (An ALJ may properly reject medical opinion that is based on a plaintiff's subjective characterization where plaintiff's credibility is called into question).

---

[3]Plaintiff's counsel suggests that the length of the evaluation somehow elevates Dr. Alvord's opinion above all others. Regardless of the length of this one-time evaluation, Dr. Alvord still had to necessarily rely on plaintiff's own subjective complaints and self-reported history.

Page 4 - ORDER

C.   Impairments Combined

The ALJ considered all of plaintiffs medically determinable impairments in combination, and appropriately excluded any impairments that had no medically determinable basis. Although plaintiff's counsel asserts the record supports traumatic brain injury and methyl bromide exposure causing nervous system issues, the only evidence is plaintiffs unsupported reports of such issues to various medical providers with no treatment. To the extent plaintiff argues the ALJ had a duty to develop the record in this regard, plaintiff provided no evidence to suggest there was any ambiguity regarding the alleged impairments other than his own unsupported assertions. Indeed, CT scans provided no suggestion of any brain injury. Plaintiff did have insurance to seek treatment, but apparently did not. To the extent plaintiff argues that he could not afford a medical expert to connect his mental issues to methyl bromide exposure, such is not necessary as the issue is the symptoms themselves and treatment for them. The ALJ appropriately considered all impairments, in combination, that had a basis in the record.

D.   Lay Testimony

Plaintiff's estranged wife, Carrie Henderson, submitted a written statement concerning plaintiff's difficulties concentrating, etc. To the extent the statement suggests impairments beyond the RFC found by the ALJ, the ALJ provided reasons germane to the statement to discount it. For instance, Henderson stated that plaintiff needs help or reminders taking medicine, Tr. 343, however the record supports a finding that plaintiff was not on any medications. See, e.g., Tr. 437, 455, 468, 472. Moreover, the ALJ noted that Henderson's observations may have been clouded by plaintiff's less than maximal effort, Tr. 37, which may have been impacted by his drug and alcohol use. Tr.

Page 5 - ORDER

32 .[4]

      The ALJ appropriately discounted limitations not supported by record. Accordingly, the ALJ was entitled to rely on vocational expert testimony based on only supported limitations.

## CONCLUSION

      For the reasons stated above, the decision of the Commissioner is affirmed.

DATED this 12 day of May 2015.

                                     THOMAS M. COFFIN
                                     United States Magistrate Judge

---

[4] Plaintiff's counsel suggests that the ALJ was required to engage in drug addiction and alcoholism analysis. However, the ALJ did not conclude plaintiff was able to work but for his addictions. The ALJ found plaintiff capable of work even with his addictions. Because at no point was plaintiff determined to be disabled, the analysis was not required.

Page 6 - ORDER